

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 2-09-311-CR**
**NO. 2-09-312-CR**
**NO. 2-09-313-CR**
**NO. 2-09-314-CR**

LEMUEL JOSEPH YOUNG          APPELLANT
A/K/A JADERRIUS NEIL YOUNG

V.

THE STATE OF TEXAS          STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Lemuel Joseph Young, also known as Jaderrius Neil Young, pled guilty to four offenses of aggravated robbery with a deadly weapon. The trial court found him guilty and sentenced him to life imprisonment in each case, with the sentences to run concurrently.

---

[1] *See* Tex. R. App. P. 47.4.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, these appeals are frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the records demonstrating why there are no arguable grounds for relief.[3] Appellant also filed a pro se response to the *Anders* brief, challenging the voluntariness of his pleas and alleging ineffective assistance of his trial counsel. We note that there is no reporter's record of the guilty plea hearing and that no motion for new trial appears in the clerk's records.[4]

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there

---

[2] ... 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] ... *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4] ... *See Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) ("In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions."); *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) (indicating that claims of ineffective assistance of counsel are normally best left for habeas corpus proceedings).

is any arguable ground that may be raised on his behalf.[5] Only then may we grant counsel's motion to withdraw.[6]

Because Appellant entered an open plea of guilty in each case, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of his pleas, error that is not independent of and supports the judgments of guilt, and error occurring after entry of the guilty pleas.[7]

We have carefully reviewed counsel's brief, Appellant's response, and the appellate records. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the appellate records that arguably might support the appeals.[8] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL: DAUPHINOT, J.; LIVINGSTON, C.J.; and GARDNER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 12, 2010

---

[5] *See Stafford*, 813 S.W.2d at 511.

[6] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[7] *See Monreal v. State,* 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

[8] *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).

3